# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

AARON HENRY, et al.                    §
                                       §
v.                                     §        CIVIL ACTION NO. 3:25-CV-3401-S
                                       §
AZPI TRANSPORTATION CORP., et al.      §

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendant AZPI Transportation Corp.'s Notice of Removal ("Notice of Removal") [ECF No. 1]. The Court has reviewed and considered the Notice of Removal and its attachments, including Plaintiffs' Original Petition ("Petition") [ECF No. 1-5], and the applicable law. For the reasons that follow, the Court sua sponte remands this case for lack of subject-matter jurisdiction.

"Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotation marks and citation omitted). A federal court must presume that a case lies outside its limited jurisdiction, and the party asserting jurisdiction bears the burden of establishing the contrary. *Energy Mgmt. Servs., LLC v. City of Alexandria*, 739 F.3d 255, 257 (5th Cir. 2014) (citation omitted). The Court must examine its jurisdiction sua sponte, *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (citation omitted), and "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

The two principal bases upon which a district court may exercise jurisdiction are: (1) the existence of a federal question, *see* 28 U.S.C. § 1331, and (2) complete diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Jurisdiction under Section 1332(a) requires both diversity

among the parties and an amount in controversy that exceeds $75,000, excluding interest and costs. *Id.*

"The amount in controversy is not proof of the amount the plaintiff will recover but an estimate of the amount that will be put at issue in the course of the litigation." *Durbois v. Deutsche Bank Nat'l Tr. Co.*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quotation marks omitted). "If the plaintiff's state court petition specifies a dollar amount of damages, that amount controls if made in good faith." *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022). If the petition does not specify a dollar amount, the removing defendant must "prove by a preponderance of the evidence that the amount in controversy exceeds $75,000" in one of two ways: "(1) by establishing that it is 'facially apparent' that the claims are likely to exceed $75,000, or (2) by setting forth the facts in controversy that support a finding of the requisite amount." *Id.*

In its Notice of Removal, Defendant AZPI Transportation Corp. appears to predicate subject-matter jurisdiction upon diversity of citizenship. Notice of Removal ¶ 3. But in their Petition, Plaintiffs Aaron Henry and Loretta Henry stipulate that "the amount in controversy in this matter does not exceed $75,000." Pet. ¶ 3. Defendant does not argue in the Notice of Removal that Plaintiffs' stipulation is not made in good faith; in fact, Defendant says nothing about the amount in controversy beyond a cursory reference to the requirements of 28 U.S.C. § 1332(a). Notice ¶ 3. Because it is apparent from the face of the Petition that Plaintiffs seek less than $75,000 and Defendant has not presented any argument or evidence to the contrary, Defendant has not met its burden to show that federal jurisdiction exists. The Court must therefore remand this case for lack of subject-matter jurisdiction.

For the reasons discussed above, the Court **REMANDS** this case to the 192nd Judicial District Court, Dallas County, Texas.

**SO ORDERED.**

SIGNED December 15, 2025.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**